UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEAN-PARNELL LOUIS and CHARLES J. ENGEL, on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br><br> -against- <br><br> GARDA CL ATLANTIC, INC., <br><br> Defendant. | Civil Action No. <br><br> **NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Garda CL Atlantic, Inc. ("Defendant") hereby gives notice of its removal of the above-captioned action from the Supreme Court of the State of New York, County of Suffolk, to the United States District Court for the Eastern District of New York. As grounds therefore, Defendant states as follows:

1. On December 29, 2016, Plaintiffs Jean-Parnell Louis and Charles J. Engel ("Plaintiffs") commenced a civil action against Defendant in the Supreme Court of the State of New York, County of Suffolk, where it was given Index number 621225/2016. The applicable Summons was issued on December 29, 2016. Copies of the Summons and Verified Complaint are attached hereto as Exhibit A. No other pleadings or discovery have been served in this action, nor has any court order been entered.

2. On May 16, 2017, Plaintiffs and Defendant filed a stipulation in the Supreme Court of the State of New York, County of Suffolk, which provided that "Defendant Garda CL Atlantic, Inc. agrees to accept service of the Summons and Compliant in this action as of May 12, 2017[.]" A copy of the Stipulation is attached hereto as Exhibit B.

3. A copy of this Notice of Removal, with accompanying exhibits, and a Notice to State Court of Removal are being served upon Plaintiffs and will be filed with the Clerk of the

Supreme Court of the State of New York, County of Suffolk promptly after the filing of this Notice of Removal with this Court, in accordance with the provisions of 28 U.S.C. § 1446(d).

4. This is a civil action subject to removal to this Court on the basis of diversity jurisdiction.

5. This case is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446 in that it is an action between citizens of different states wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs:

    a. As alleged in the Complaint, Plaintiff Jean-Parnell Louis is a resident of the State of New York, County of Nassau and Plaintiff Charles J. Engel is a resident of the State of New York, County of Suffolk.  Defendant is a corporation organized under the laws of a State other than New York (Delaware) and has its principle place of business outside of New York (Florida).  As a result, there is complete diversity of citizenship between Plaintiff and the Defendant so as to vest removal jurisdiction in this Court;

    b. This is a civil action wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. In the Complaint, Plaintiffs do not pray for specific monetary relief; however, the value of the relief sought by Plaintiffs in the form of medical expenses and monetary damages necessarily exceeds the sum of $75,000.

6. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b).

7. This is a civil case brought in the Supreme Court of the State of New York, County of Suffolk, and, accordingly, under 28 U.S.C. §§ 112(b) and 1441(b), the United States District for the Eastern District of New York, is the proper forum for removal.

8. Fewer than thirty (30) days have elapsed since Defendant accepted service of the Summons and Complaint.

9. By filing the Notice of Removal, Defendant does not waive any defenses available to it at law, in equity or otherwise.

10. This Notice of Removal has been signed by counsel for Defendant, in compliance with the requirements of 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant respectfully request that the action now pending in the Supreme Court of the State of New York, County of New York, be removed to this Court in accordance with the foregoing statutory provisions.

Date:   May 25, 2017
        New York, New York

/s/ A. Michael Weber
A. Michael Weber
Houston A. Stokes
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY  10022.3298
212.583.9600

*Attorneys for Defendant*

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-----------------------------------------------------------------X

JEAN-PARNELL LOUIS and CHARLES J. ENGEL,
on behalf of themselves and all others similarly situated,

                                              *Plaintiffs,*

             -against-

GARDA SECURITY INC. and GARDA INTERNATIONAL, INC.

                                              *Defendants.*

-----------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates Suffolk County as the place of trial.

The basis of venue is Defendants' place of business.

To the above-named Defendants:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

    In case of your failure to answer this summons, a judgment by default will be taken against you for the release demanded in the complaint, together with the costs of this action.

Dated: Farmingdale, New York
          December 28, 2016

                                          Yours, etc.,

                                          **FRANK & ASSOCIATES, P.C.**
                                          *Attorney for Plaintiffs*

                                          */s/ Neil Frank*
                                          Neil M. Frank, Esq.,
                                          500 Bi-County Boulevard, Suite 465
                                          Farmingdale, New York 11735
                                          Tel: (631) 756-0400
                                          Fax: (631) 756-0547
                                          Nfrank@laborlaws.com

**TO:**

**GARDA SECURITY INC.**
C/O New York Secretary of State
One Commerce Plaza
99 Washington Ave
Albany, NY 12231-0001

**GARDA INTERNATIONAL, INC.**
C/O New York Secretary of State
One Commerce Plaza
99 Washington Ave
Albany, NY 12231-0001

SUPREME COURT FOR THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X
JEAN-PARNELL LOUIS and CHARLES J. ENGEL,
on behalf of themselves and all others similarly situated,

          *Plaintiffs,*

  -against-

GARDA SECURITY INC. and GARDA INTERNATIONAL, INC.

          *Defendants.*
-----------------------------------------------------------------------X

Index No.:

**CLASS ACTION COMPLAINT**

*Jury Trial Demanded*

  Plaintiffs, JEAN-PARNELL LOUIS and CHARLES J. ENGEL, on behalf of themselves and all other similarly situated ("Plaintiffs" or the "Class") as representatives of the Class pursuant to Section 901 of the New York Civil Practice Law and Rules ("CPLR"), by their attorneys, FRANK & ASSOCIATES, P.C., bring this action against Defendants GARDA SECURITY INC. ("GARDA SECURITY") and GARDA INTERNATIONAL, INC. ("GARDA INTERNATIONAL") (collectively, the "Defendants"), and respectfully alleges, upon knowledge as to themselves and their own actions and upon information and belief as to all other matters, as follows:

### NATURE OF THE CASE

1. This is an employment discrimination lawsuit. Plaintiffs allege Defendants' unlawfully discriminated against Plaintiffs and the Class based on their age by terminating them from their positions and replacing them with younger, less experienced employees.

2. Plaintiffs and the Class bring this civil action for injunctive and declaratory relief, as well as lost wages, benefits, and compensatory and punitive damages based upon Defendants' violation of the New York State Human Rights Law (NYSHRL), N.Y. Exec. L. §296, *et*

*seq.* This Court has subject matter jurisdiction over this action and jurisdiction over Defendants pursuant to CPLR § 301.

3. This action properly lies in the County of Suffolk, pursuant to CPLR §503, because the events or omissions giving rise to the claim occurred within this judicial district.

## PARTIES

4. Plaintiff JEAN-PARNELL LOUIS ("LOUIS") is a resident of the State of New York, County of Nassau and is forty-nine (49) years of age.

5. Plaintiff CHARLES J. ENGEL ("Engel") is a resident of the State of New York, County of Suffolk and is seventy-two (72) years of age.

6. At all times relevant to the Complaint, Plaintiffs and the Class were "employees" within the meaning of N.Y.C. Exec. Law §292(6).

7. Upon information and belief, Defendant GARDA SECURITY was and still is a foreign business corporation authorized to do business in New York. Defendant GARDA INTERNATIONAL is the international security division of GARDA SECURITY.

8. At all times relevant, Defendants were "employers" within the meaning of the N.Y.C. Exec. Law §292(5).

9. Upon information and belief, Defendants together form a business enterprise which employs over forty-five thousand (45,000) workers.

## CLASS ACTION ALLEGATIONS

10. Plaintiffs assert these claims on behalf of themselves and a Class of persons under Civil Practice Rules and Regulations §901.

11. The Class consists of all persons who work or have worked for Defendants and were unlawfully terminated on the basis of their age and replaced with younger, less experienced employees.

12. The persons in the Class identified above are so numerous that joinder of all the members is impracticable.

13. The Class Members are readily ascertainable, for purposes of notice and other purposes related to this action, their names, and addresses are readily available from Defendants.

14. Defendants have acted or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

15. There are questions of law and fact common to the Class that predominate over any question solely affecting individual members of the Class, including but not limited to:

    a. Whether the Class Members were qualified to do their jobs;

    b. Whether Defendants' decision to relocate from the Central Islip facility to the Long Island City facility was a scheme to unlawfully discriminate against the Class on the basis of their age;

    c. Whether Defendants replaced the Class with younger, less qualified individuals;

    d. What the policies, practices, programs, procedures, protocols, and plans of Defendants are in regards to discrimination.

16. Defendants have acted or have refused to act on grounds generally applicable to the Class, thereby making declaratory relief with respect to the Class appropriate.

17. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

18. The Class Member were all subject to Defendants' unlawful termination based solely upon their age.

19. Plaintiffs will fairly and adequately represent and protect the interest of the Class.

20. Plaintiffs have retained Counsel competent and experienced in complex class actions and in labor and employment litigation.

21. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of litigation like the present action where individual claimants may lack the financial resources to vigorously prosecute a lawsuit against a corporate Defendant.

22. Class action treatment will permit a large number similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in great expenditure of the Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

23. The Class Members have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.

24. Although relative damages, suffered by individual Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

25. Class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

26. Current employees could fear to assert their rights out of fear of direct or indirect retaliation.

27. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.

28. Class actions provide Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their right while eliminating or reducing their risks.

## FACTUAL ALLEGATIONS

29. The Class is comprised of employees age forty (40) and older, who worked for Defendants between twenty (20) and thirty (30) years.

30. Throughout Plaintiffs' and the Class' employment with Defendants, Plaintiffs and the Class worked in Defendants' Central Islip facility and offices located in the County of Suffolk, State of New York.

31. Plaintiffs and the Class were responsible for providing armored truck transportation, cash vault services from secure cash processing centers, ATM services, change fund services, and smart safes.

### The Transfer

32. On or about January 23, 2015, Defendants' District Manage Sam LaRocca, Manager of Labor and Employee Relations Lawrence K. Pontrelli, and Branch Manager Prakash Varughese, met with Plaintiffs and the Class to distribute a letter, which advised them that Defendants were shutting down the Central Islip facility.

33. Defendants offered, effective February 1, 2015, to temporarily transfer the Central Islip employees to the Long Island City facility located at 526 45th Avenue, Long Island City, New York 11101, almost fifty (50) miles away from the Central Islip location, for a ninety (90) day period, after which they would be terminated from employment.

34. Furthermore, Defendants stated that all employees would be terminated effective April 23, 2015, including those who agreed to be transferred to Long Island City.

35. On or about February 1, 2015, Defendants closed their Central Islip facility and relocated to Long Island City.

36. In light of the arduous commute, only Plaintiff LOUIS and approximately five (5) to ten (10) members of the Class reported to the Long Island City facility for work on February 1, 2015.

### Termination

37. Shortly thereafter, Defendants terminated approximately seventy (70) members of the Class who did not report to work on February 1, 2015 at the Long Island City location.

38. On or about February 2, 2015, Defendants replaced the terminated members of the Class with younger, less qualified individuals who were in their early twenties (20's).

39. On or about April 23, 2015, Defendants terminated Plaintiff LOUIS and the Class Members who transferred from Central Islip to Long Island City.

40. Shortly thereafter, Defendants replaced Plaintiff LOUIS and the terminated members of the Class with younger, less qualified individuals who were in their early twenties (20's).

41. After termination, Plaintiff LOUIS filed a charge of discrimination based on age with the Equal Employment Opportunity Commission ("EEOC"), charge No. 520-2015-03380. In addition, several of Defendants' former employees retained the undersigned counsel to

pursue legal action for age discrimination and for violations of the Worker Adjustment and Retraining Notification Act (WARN Act).

42. In retaliation for same, Defendants have opposed Plaintiff ENGEL's application for unemployment benefits. Upon information and belief, Defendants have opposed the unemployment benefits applications of other members of the Class in retaliation for contemplating and/or pursuing their claims.

## FIRST CLAIM FOR RELIEF
*(Violation of N.Y. Exec. Law §296)*

43. Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 42 of the Complaint, as though fully set forth herein.

44. Defendants discriminated against Plaintiffs and the Class on the basis of their age in violation of the Executive Law §296(1)(a), in that Defendants' agents, servants and/or employees engaged in a course of conduct, as alleged above, that resulted in Plaintiffs' and the Class' discharge.

45. As a proximate result of Defendants' discrimination, Plaintiffs and the Class have suffered and continue to suffer substantial loss of earnings.

46. As a further proximate result of Defendants' actions, Plaintiffs and the Class have suffered and continue to suffer mental anguish and other incidental and consequential damages and expenses.

47. Plaintiffs and the Class are entitled to an award of back pay, the value of all employment related benefits to which Plaintiffs and the Class would have otherwise been entitled but for Defendants' discriminatory conduct, reinstatement and/or front pay, and compensatory damages for emotional pain and suffering in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
*(Retaliation in Violation of NYSHRL)*

48. Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 47 of the Complaint, as though fully set forth herein.

49. Defendants opposed Plaintiffs' application for unemployment benefits in retaliation for their protected activity, in violation of the N.Y.S.H.R.L., N.Y. Exec. Law §296(7).

50. As a proximate result of Defendants' discrimination, Plaintiffs and the Class have suffered and continue to suffer loss of earnings and benefits.

51. As a further proximate result of Defendants' actions, Plaintiffs and the Class have suffered and continue to suffer mental anguish and other incidental and consequential damages and expense.

## DEMAND FOR JURY TRIAL

52. Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 51 of the Complaint, as though fully set forth herein.

53. Plaintiff and the Class demand a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** as a result of the unlawful conduct and actions of Defendants herein alleged, Plaintiffs and the Class demand judgment as follows:

a. Declaring Defendants violated the aforementioned statutes; Actual damages for loss of income and employment related benefits and compensatory damages for emotional distress and mental anguish in an amount to be determined at trial;

b. Front pay and all benefits which would have been afforded Plaintiffs and the Class but for Defendants' unlawful act;

c. Pre- and Post-Judgment interest;

    d. Equitable relief, including reinstatement to the position with benefits;

    e. Award Plaintiffs and the Class costs of this suit, including reasonable attorneys' fees;

    f. Such other and further relief as the Court deems just and proper.

Dated: December 28, 2016            **FRANK & ASSOCIATES, P.C.**
       Farmingdale, New York

                                              Neil M. Frank, Esq.
                                              500 Bi-County Boulevard, Suite 465
                                              Farmingdale, New York 11735
                                              Nfrank@laborlaws.com
                                              T: (631) 756-0400
                                              F: (631) 756-0547

                                              *Attorney for Plaintiffs*

# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---

JEAN-PARNELL LOUIS and CHARLES J. ENGEL, on behalf of themselves and all others similarly situated,

                      Plaintiffs,

-against-

GARDA SECURITY INC. and GARDA INTERNATIONAL INC.,

                      Defendants.

Index No. 621225/2016

**STIPULATION TO ACCEPT SERVICE AND AMEND THE CASE CAPTION**

---

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys for Plaintiffs Jean-Parnell Louis and Charles J. Engel and Defendant Garda CL Atlantic, Inc., that "Garda CL Atlantic, Inc." is the properly named Defendant in this case, that "Garda Security Inc." and "Garda International Inc." should be dismissed without prejudice as Defendants in this case, and that the case caption and the Complaint should be amended to delete the reference to "Garda Security Inc." and "Garda International Inc." and shall name only "Garda CL Atlantic, Inc." as the Defendant in this case; and

IT IS FURTHER STIPULATED AND AGREED that Plaintiff has not served Garda CL Atlantic, Inc. with the Summons and Complaint in this case; and

IT IS FURTHER STIPULATED AND AGREED Defendant Garda CL Atlantic, Inc. agrees to save the expense of serving a Summons and Complaint in this case; and

IT IS FURTHER STIPULATED AND AGREED that Defendant Garda CL Atlantic, Inc. agrees to accept service of the Summons and Complaint in this action as of May 12, 2017; and

IT IS FURTHER STIPULATED AND AGREED that Defendant Garda CL Atlantic, Inc. will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action; and

IT IS FURTHER STIPULATED AND AGREED that facsimile and/or electronic copies of the signatures on this stipulation may be treated as originals for all purposes.

Dated: May 12, 2017
Farmingdale, New York

Dated: May 12, 2017
New York, New York

_____
Neil M. Frank
FRANK & ASSOCIATES, P.C.
500 Bi-County Blvd., Suite 465
Farmingdale, NY 11735
(631) 756-0400
(631) 756-0547

*Attorneys for Plaintiffs*

_____
A. Michael Weber
Houston A. Stokes
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
212.583.9600

*Attorneys for Defendant
Garda CL Atlantic, Inc.*